**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BESTICA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 5:26-CV-1248 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC., | § | |
| | § | |
| | § | |
| *Defendant* | § | |

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

Plaintiff, BESTICA, INC., by and through its attorneys, Cubeta Law Group, PLLC for its complaint against Defendant, DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. ("**Defendant**" or "**Davin Healthcare**"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## I. PARTIES

1. Plaintiff BESTICA, INC. is a Texas corporation located at 3463 Magic Drive, Suite 303, San Antonio, Texas 78229.

2. Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. is a New York corporation and may be served on its registered agent at 18 Division Street, Suite 311, Saratoga Springs, New York 12010.

3. Defendant was originally named Stat Staff Professionals, Inc. Based on information and belief, Defendant amended its name in 2021to Davin Healthcare Workforce Solutions, Inc. As a result, all rights and obligations held by Stat Staff Professionals, Inc. are now held by Davin Healthcare Workforce Solutions, Inc.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Texas and a citizen of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This action lies in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Bexar County, Texas.

## III. STATEMENT OF FACTS

6. Plaintiff has executed eight (8) separate contracts with Defendant to provide services at eight (8) different hospital locations.

*A. Rome Memorial Hospital*

7. On January 28, 2021, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Rome Memorial Hospital. In return, Defendant agreed to collect payment from Rome Memorial Hospital and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Rome Memorial Contract**"). A true and correct copy of the Rome Memorial Contract is attached hereto and incorporated herein as Exhibit A.

8. Section 14 of the Rome Memorial Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. A, Section 14(a).

9. Defendant would then add its four percent (4%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Rome Memorial Hospital for payment. Rome Memorial would remit payment to Defendant. *See* Ex. A, Section 14(b)-(c).

10. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Rome Memorial Hospital] for the same services rendered. *See* Ex. A, Section 14(c).

11. Plaintiff fully performed under the Rome Memorial Contract by providing temporary medical services to Rome Memorial Hospital, submitting time sheets, and invoicing for Plaintiff's services.

12. As of February 24, 2026, Defendant owes Plaintiff $66,353.09 for services provided at Rome Memorial Hospital pursuant to the Rome Memorial Contract. The invoices for these services have remained unpaid by Davin for over 180 days.

13. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered at Rome Memorial Hospital, but Defendant refuses to pay.

14. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered to Rome Memorial Hospital pursuant to the Rome Memorial Contract.

*B. Auburn Community Hospital*

15. On January 28, 2021, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Auburn Community Hospital. In return, Defendant agreed to collect payment from Auburn Community Hospital and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Auburn Community Contract**"). A true and correct copy of the Auburn Community Contract is attached hereto and incorporated herein as Exhibit B.

16. Section 14 of the Auburn Community Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time

sheets and submit the invoice to Defendant. *See* Ex. B, Section 14(a).

17. Defendant would then add its four percent (4%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Auburn Community Hospital for payment. Auburn Community would remit payment to Defendant. *See* Ex. B, Section 14(b)-(c).

18. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Auburn Community Hospital] for the same services rendered. *See* Ex. B, Section 14(c).

19. Plaintiff fully performed under the Auburn Community Contract by providing temporary medical services to Auburn Community Hospital, submitting time sheets, and invoicing for Plaintiff's services.

20. As of February 24, 2026, Defendant owes Plaintiff $90,023.06 for services provided for Auburn Community Hospital pursuant to the Auburn Community Contract. The invoices for these services have remained unpaid by Davin for over 90 days.

21. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered at Auburn Community Hospital, but Defendant refuses to pay.

22. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered to Auburn Community Hospital pursuant to the Auburn Community Contract.

*C. <u>Carthage Area Hospital</u>*

23. On January 28, 2021, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Carthage Area Hospital. In return, Defendant agreed to collect payment from Carthage Area Hospital and remit said payment to Plaintiff for Plaintiff's services as they were

rendered ("**Carthage Area Contract**"). A true and correct copy of the Carthage Area Contract is attached hereto and incorporated herein as Exhibit C.

24. Section 14 of the Carthage Area Contract states that Plaintiff will submit time sheets to Defendant for services performed, and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. C, Section 14(a).

25. Defendant would then add its four percent (4%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Carthage Area Hospital for payment. Carthage Area Hospital would remit payment to Defendant. *See* Ex. C, Section 14(b)-(c).

26. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Carthage Area Hospital] for the same services rendered. *See* Ex. C, Section 14(c).

27. Plaintiff fully performed under the Carthage Area Contract by providing temporary medical services to Carthage Area Hospital, submitting time sheets, and invoicing for Plaintiff's services.

28. As of February 24, 2026, Defendant owes Plaintiff $7,156.68 for services provided at Carthage Area Hospital pursuant to the Carthage Area Contract. The invoices for these services have remained unpaid by Davin for over 180 days.

29. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered at Carthage Area Hospital, but Defendant refuses to pay.

30. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered to Carthage Area Hospital pursuant to the Carthage Area Contract.

*D. Glens Falls Hospital*

31. On January 28, 2021, Plaintiff and Defendant entered into a Subcontract Supplier Contract

pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Glens Falls Hospital. In return, Defendant agreed to collect payment from Glens Falls Hospital and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Glens Falls Contract**"). A true and correct copy of the Glens Falls Contract is attached hereto and incorporated herein as Exhibit D.

32. Section 14 of the Glens Falls Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. D, Section 14(a).

33. Defendant would then add its four percent (4%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Glens Falls Hospital for payment. Glens Falls Hospital would remit payment to Defendant. *See* Ex. D, Section 14(b)-(c).

34. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Glens Falls Hospital] for the same services rendered. *See* Ex. D, Section 14(c).

35. Plaintiff fully performed under the Glens Falls Contract by providing temporary medical services to Glens Falls Hospital, submitting time sheets, and invoicing for Plaintiff's services.

36. As of February 24, 2026, Defendant owes Plaintiff $20,595.02 for services provided at Glens Falls Hospital pursuant to the Glens Falls Contract. The invoices for these services have remained unpaid by Davin for over 180 days.

37. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered at Glens Falls Hospital, but Defendant refuses to pay.

38. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered for Glens Falls Hospital pursuant to the Glens Falls Contract.

*E. <u>Oswego Hospital</u>*

39. On February 21, 2024, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Oswego Health, Inc. In return, Defendant agreed to collect payment from Oswego Health, Inc. and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Oswego Health Contract**"). A true and correct copy of the Oswego Health Contract is attached hereto and incorporated herein as <u>Exhibit E</u>.

40. Section 14 of the Oswego Health Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. E, Section 14(a).

41. Defendant would then add its six percent (6%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Oswego Health, Inc. for payment. Oswego Health, Inc. would remit payment to Defendant. *See* Ex. E, Section 14(b)-(c).

42. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Oswego Health, Inc.] for the same services rendered. *See* Ex. E, Section 14(c).

43. Plaintiff fully performed under the Oswego Health Contract by providing temporary medical services for Oswego Health, Inc., submitting time sheets, and invoicing for Plaintiff's services.

44. As of February 24, 2026, Defendant owes Plaintiff $2,454.81 for services provided for Oswego Health, Inc. pursuant to the Oswego Health, Inc. Contract. The invoices for these services have remained unpaid by Davin for over 180 days.

45. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered for Oswego Health, Inc., but Defendant refuses to pay.

46. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered to Oswego Health, Inc. pursuant to the Oswego Health Contract.

*F. Granite County Medical Center*

47. On August 14, 2024, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Granite County Medical Center ("**Granite County**"). In return, Defendant agreed to collect payment from Granite County and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Granite County Contract**"). A true and correct copy of the Granite County Contract is attached hereto and incorporated herein as Exhibit F.

48. Section 14 of the Granite County Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. F, Section 14(a).

49. Defendant would then add its six percent (6%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Granite County for payment. Granite County would remit payment to Defendant. *See* Ex. F, Section 14(b)-(c).

50. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Granite County] for the same services rendered. *See* Ex. F, Section 14(c).

51. Plaintiff fully performed under the Granite County Contract by providing temporary medical services to Granite County, submitting time sheets, and invoicing for Plaintiff's services.

52. As of February 24, 2026, Defendant owes Plaintiff $186,930.53 for services provided for Granite County pursuant to the Granite County Contract. The invoices for these services have remained unpaid by Davin for over 90 days.

53. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered for Granite County, but Defendant refuses to pay.

54. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered to Granite County pursuant to the Granite County Contract.

*G. Memorial Hospital of Converse County*

55. On November 15, 2024, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Memorial Hospital of Converse County ("**Memorial Hospital**"). In return, Defendant agreed to collect payment from Memorial Hospital and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Memorial Contract**"). A true and correct copy of the Memorial Contract is attached hereto and incorporated herein as Exhibit G.

56. Section 14 of the Memorial Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. G, Section 14(a).

57. Defendant would then add its six percent (6%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Memorial Hospital for payment. Memorial Hospital would remit payment to Defendant. *See* Ex. G, Section 14(b)-(c).

58. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Memorial Hospital] for the same services rendered. *See* Ex. G, Section 14(c).

59. Plaintiff fully performed under the Memorial Contract by providing temporary medical services to Memorial Hospital, submitting time sheets, and invoicing for Plaintiff's services.

60. As of February 24, 2026, Defendant owes Plaintiff $11,891.70 for services provided for

Memorial Hospital pursuant to the Memorial Contract. The invoices for these services have remained unpaid by Davin for over 180 days.

61. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered at Memorial Hospital, but Defendant refuses to pay.

62. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered to Memorial Hospital pursuant to the Memorial Contract.

*H. Osage Nation Health Services*

63. On December 6, 2024, Plaintiff and Defendant entered into a Subcontract Supplier Contract pursuant to which Plaintiff agreed to provide temporary medical staffing services for Defendant to Defendant's client, Osage Nation Health Services ("**Osage**"). In return, Defendant agreed to collect payment from Osage and remit said payment to Plaintiff for Plaintiff's services as they were rendered ("**Osage Contract**"). A true and correct copy of the Osage Contract is attached hereto and incorporated herein as Exhibit H.

64. Section 14 of the Osage Contract states that Plaintiff will submit time sheets to Defendant for services performed and then Plaintiff would create an invoice based on the time sheets and submit the invoice to Defendant. *See* Ex. H, Section 14(a).

65. Defendant would then add its six percent (6%) administrative fee to Plaintiff's invoice and create a new invoice that was sent to Osage for payment. Osage would remit payment to Defendant. *See* Ex. H, Section 14(b)-(c).

66. Defendant was required to remit payment to Plaintiff "within 14 days of clearing of payment from [Osage] for the same services rendered. *See* Ex. H, Section 14(c).

67. Plaintiff fully performed under the Osage Contract by providing temporary medical

services for Osage, submitting time sheets, and invoicing for Plaintiff's services.

68. As of February 24, 2026, Defendant owes Plaintiff $68,526.00 for services provided for Osage pursuant to the Osage Contract. The invoices for these services have remained unpaid by Davin for over 90 days.

69. Plaintiff has repeatedly notified Defendant in writing of its failure to pay for Plaintiff's services rendered for Osage, but Defendant refuses to pay.

70. By filing and serving this Complaint, Plaintiff again issues its demand for payment to Defendant for the amounts owed for services rendered for Osage pursuant to the Osage Contract.

## IV. COUNT ONE – BREACH OF CONTRACT (Rome Memorial Contract)

71. Plaintiff adopts by reference each of the allegations in the paragraphs above.

72. Plaintiff and Defendant's predecessor in interest, Stat Staff Professionals, Inc., entered into the Rome Memorial Contract.

73. Plaintiff fully performed under the Rome Memorial Contract by providing services and invoicing Defendant for Plaintiff's services.

74. Upon information and belief, Defendant received payment from Rome Memorial for services performed by Plaintiff pursuant to the Rome Memorial Contract.

75. Plaintiff has made repeated demands for the amounts owed by Defendant under the Rome Memorial Contract.

76. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Rome Memorial Contract, which is a breach of the Rome Memorial Contract.

77. As a result of Defendant's breach of the Rome Memorial Contract, Plaintiff has been damaged in the amount of at least $66,353.09 in unpaid invoices as of February 24, 2026.

## V. COUNT TWO – QUANTUM MERUIT/UNJUST ENRICHMENT (Rome Memorial)
(In the Alternative to Count One for Relief)

78. Plaintiff adopts by reference each of the allegations in the paragraphs above.

79. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

80. Plaintiff provided the services for Defendant at Rome Memorial Hospital with the expectation that Plaintiff would be paid for its services.

81. Defendant understood that Plaintiff expected to be paid for the services rendered.

82. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would inequitable and unconscionable to permit Defendant to avoid payment.

83. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $66,353.09, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

## VI. COUNT THREE – BREACH OF CONTRACT (Auburn Community Contract)

84. Plaintiff adopts the allegations of paragraphs 1-70 as if fully set forth herein.

85. Plaintiff and Defendant's predecessor in interest, Stat Staff Professionals, Inc., entered into the Auburn Community Contract.

86. Plaintiff fully performed under the Auburn Community Contract by providing services and invoicing Defendant for Plaintiff's services.

87. Upon information and belief, Defendant received payment from Auburn Community Hospital for services performed by Plaintiff pursuant to the Auburn Community Contract.

88. Plaintiff has made repeated demands for the amounts owed by Defendant under the Auburn Community Contract.

89. Defendant has failed and/or refused to remit payment to Plaintiff for services performed

by Plaintiff under the Auburn Community Contract, which is a breach of the Auburn Community Contract.

90. As a result of Defendant's breach of the Auburn Community Contract, Plaintiff has been damaged in the amount of at least $90,023.06 in unpaid invoices as of February 24, 2026.

## VII. COUNT FOUR – QUANTUM MERUIT/UNJUST ENRICHMENT (Auburn Comm.)
(In the Alternative to Count Three for Relief)

91. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

92. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

93. Plaintiff provided the services for Defendant at Auburn Community Hospital with the expectation that Plaintiff would be paid for its services.

94. Defendant understood that Plaintiff expected to be paid for the services rendered.

95. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

96. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $90,023.06, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

## VIII. COUNT FIVE – BREACH OF CONTRACT (Carthage Area Contract)

97. Plaintiff adopts the allegations in paragraphs 1-70 above as if set forth herein.

98. Plaintiff and Defendant's predecessor in interest, Stat Staff Professionals, Inc., entered into the Carthage Area Contract.

99. Plaintiff fully performed under the Carthage Area Contract by providing services and invoicing Defendant for Plaintiff's services.

100. Upon information and belief, Defendant received payment from Carthage Area Hospital for services performed by Plaintiff pursuant to the Carthage Area Contract.

101. Plaintiff has made repeated demands for the amounts owed by Defendant under the Carthage Area Contract.

102. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Carthage Area Contract, which is a breach of the Carthage Area Contract.

103. As a result of Defendant's breach of the Carthage Area Contract, Plaintiff has been damaged in the amount of at least $7,156.68 in unpaid invoices as of February 24, 2026.

## IX. COUNT SIX – QUANTUM MERUIT/UNJUST ENRICHMENT (Carthage Area)

(In the Alternative to Count Five for Relief)

104. Plaintiff the allegations in paragraphs 1-70 above as if fully set forth herein.

105. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

106. Plaintiff provided the services for Defendant at Carthage Area Hospital with the expectation that Plaintiff would be paid for its services.

107. Defendant understood that Plaintiff expected to be paid for the services rendered.

108. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

109. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $7,156.68, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

## X. COUNT SEVEN – BREACH OF CONTRACT (Glens Falls Contract)

110. Plaintiff adopts each of the allegations in paragraphs 1-70 above as if set forth herein.

111. Plaintiff and Defendant's predecessor in interest, Stat Staff Professionals, Inc., entered into the Glens Falls Contract.

112. Plaintiff fully performed under the Glens Falls Contract by providing services and invoicing Defendant for Plaintiff's services.

113. Upon information and belief, Defendant received payment from Glens Falls for services performed by Plaintiff pursuant to the Glens Falls Contract.

114. Plaintiff has made repeated demands for the amounts owed by Defendant under the Glens Falls Contract.

115. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Glens Falls Contract, which is a breach of the Glens Falls Contract.

116. As a result of Defendant's breach of the Glens Falls Contract, Plaintiff has been damaged in the amount of at least $20,595.02 in unpaid invoices as of February 24, 2026.

## XI. COUNT EIGHT – QUANTUM MERUIT/UNJUST ENRICHMENT (Glens Falls)

(In the Alternative to Count Seven for Relief)

117. Plaintiff adopts the allegations in paragraphs 1-70 above as if set forth fully herein.

118. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

119. Plaintiff provided the services for Defendant at Glens Falls Hospital with the expectation that Plaintiff would be paid for its services.

120. Defendant understood that Plaintiff expected to be paid for the services rendered.

121. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

122. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and

reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $20,595.02, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

**XII. COUNT NINE – BREACH OF CONTRACT (Oswego Contract)**

123. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

124. Plaintiff and Defendant entered into the Oswego Contract.

125. Plaintiff fully performed under the Oswego Contract by providing services and invoicing Defendant for Plaintiff's services.

126. Upon information and belief, Defendant received payment from Oswego Hospital for services performed by Plaintiff pursuant to the Oswego Contract.

127. Plaintiff has made repeated demands for the amounts owed by Defendant under the Oswego Contract.

128. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Oswego Contract, which is a breach of the Oswego Contract.

129. As a result of Defendant's breach of the Oswego Contract, Plaintiff has been damaged in the amount of at least $2,454.81 in unpaid invoices as of February 24, 2026.

**XIII. COUNT TEN – QUANTUM MERUIT/UNJUST ENRICHMENT (Oswego)**
(In the Alternative to Count Nine for Relief)

130. Plaintiff adopts the allegations in paragraphs 1-70 above as if set forth fully herein.

131. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

132. Plaintiff provided the services for Defendant at Oswego Hospital with the expectation that Plaintiff would be paid for its services.

133. Defendant understood that Plaintiff expected to be paid for the services rendered.

134. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received

and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

135. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $2,454.81, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

**XIV. COUNT ELEVEN – BREACH OF CONTRACT (Granite County Contract)**

136. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

137. Plaintiff and Defendant entered into the Granite County Contract.

138. Plaintiff fully performed under the Granite County Contract by providing services and invoicing Defendant for Plaintiff's services.

139. Upon information and belief, Defendant received payment from Granite County for services performed by Plaintiff pursuant to the Granite County Contract.

140. Plaintiff has made repeated demands for the amounts owed by Defendant under the Granite County Contract.

141. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Granite County Contract, which is a breach of the Granite County Contract.

142. As a result of Defendant's breach of the Granite County Contract, Plaintiff has been damaged in the amount of at least $186,930.53 in unpaid invoices as of February 24, 2026.

**XV. COUNT TWELVE – QUANTUM MERUIT/UNJUST ENRICHMENT (Granite Co.)**
(In the Alternative to Count Eleven for Relief)

143. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

144. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

145. Plaintiff provided the services for Defendant at Granite County Medical Center with the

expectation that Plaintiff would be paid for its services.

146. Defendant understood that Plaintiff expected to be paid for the services rendered.

147. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

148. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $186,930.53, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

## XVI. COUNT THIRTEEN – BREACH OF CONTRACT (Memorial Contract)

149. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

150. Plaintiff and Defendant entered into the Memorial Contract.

151. Plaintiff fully performed under the Memorial Contract by providing services and invoicing Defendant for Plaintiff's services.

152. Upon information and belief, Defendant received payment from Memorial for services performed by Plaintiff pursuant to the Memorial Contract.

153. Plaintiff has made repeated demands for the amounts owed by Defendant under the Memorial Contract.

154. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Memorial Contract, which is a breach of the Memorial Contract.

155. As a result of Defendant's breach of the Memorial Contract, Plaintiff has been damaged in the amount of at least $11,891.70 in unpaid invoices as of February 24, 2026.

## XVII. COUNT FOURTEEN–QUANTUM MERUIT/UNJUST ENRICHMENT (Memorial)

(In the Alternative to Count Thirteen for Relief)

156. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

157. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

158. Plaintiff provided the services for Defendant at Memorial Hospital with the expectation that Plaintiff would be paid for its services.

159. Defendant understood that Plaintiff expected to be paid for the services rendered.

160. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

161. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $11,891.70, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

## XVIII. COUNT FIFTEEN – BREACH OF CONTRACT (Osage Contract)

162. Plaintiff adopts the allegations in paragraphs 1-70 above as if fully set forth herein.

163. Plaintiff and Defendant entered into the Osage Contract.

164. Plaintiff fully performed under the Osage Contract by providing services and invoicing Defendant for Plaintiff's services.

165. Upon information and belief, Defendant received payment from Osage for services performed by Plaintiff pursuant to the Osage Contract.

166. Plaintiff has made repeated demands for the amounts owed by Defendant under the Osage Contract.

167. Defendant has failed and/or refused to remit payment to Plaintiff for services performed by Plaintiff under the Osage Contract, which is a breach of the Osage Contract.

168. As a result of Defendant's breach of the Osage Contract, Plaintiff has been damaged in the

amount of at least $68,526.00 in unpaid invoices as of February 24, 2026.

**XIX. COUNT SIXTEEN – QUANTUM MERUIT/UNJUST ENRICHMENT (Osage)**
(In the Alternative to Count Fifteen for Relief)

169. Plaintiff adopts the allegations in paragraphs 10-70 above as if fully set forth herein.

170. Plaintiff provided valuable services for Defendant pursuant to Defendant's request, and under circumstances that obligate them to pay for such services.

171. Plaintiff provided the services for Defendant at Osage Hospital with the expectation that Plaintiff would be paid for its services.

172. Defendant understood that Plaintiff expected to be paid for the services rendered.

173. Defendant has refused to pay Plaintiff for its services, and Defendant has thereby received and retained benefits from Plaintiff under circumstances whereby it would be inequitable and unconscionable to permit Defendant to avoid payment.

174. Plaintiff has been harmed as a consequence of Defendant's refusal to pay the fair and reasonable value of Plaintiff's services to Plaintiff, which is equal to at least $68,526.00, exclusive of attorneys' fees, interest, and other fees and costs as of the date of this filing.

**XX. JURY DEMAND**

175. Plaintiff demands a trial by jury on all Counts.

**WHEREFORE**, Bestica, Inc. respectfully requests that this Court enter judgment against Defendants on all Counts and award Plaintiff damages of at least $453,930.89, attorney's fees, costs, pre- and post-judgment interest on the total amount of the award, the amount of tax on the total award, and any such other relief as is just and proper.

Dated: February 24, 2026

Respectfully submitted,

**CUBETA LAW GROUP, PLLC**

By:_____*/s/ Kelli Cubeta*_____
Kelli P. Cubeta
Texas Bar No. 24040746
Email: Kelli.Cubeta@CubetaLaw.com
322 Martinez Street
San Antonio, Texas 78205
Telephone: (210) 934-4500

**ATTORNEY FOR PLAINTIFF BESTICA, INC.**