**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BESTICA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 5:26-CV-1248-MA |
| | § | |
| v. | § | |
| | § | |
| | § | |
| DAVIN HEALTHCARE WORKFORCE | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, BESTICA, INC., by and through its attorneys, Cubeta Law Group, PLLC, respectfully moves the Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, to enter default judgment against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. ("**Defendant**"). In support, Plaintiff states as follows:

## I. INTRODUCTION

1. This is a straightforward breach of contract action arising from Defendant's failure to remit payments collected from hospitals for temporary healthcare staffing services provided by Plaintiff under eight written contracts. *See Exhibits A-H, Davin Contracts*.

2. Plaintiff fully performed its contractual obligations. Defendant has failed to answer or otherwise appear in this lawsuit, and the Clerk has entered default (ECF 13).

3. Plaintiff now seeks entry of final judgment for its contractual damages, prejudgment interest under New York law (governing law of contracts), post-judgment interest, and taxable costs.

## II. PROCEDURAL HISTORY

4. Plaintiff filed its Complaint on February 26, 2026, asserting claims arising from Defendant's breach of eight written staffing agreements (ECF 1).

5. On June 24, 2026, Defendant's authorized representative was served with a summons, a copy of Plaintiff's complaint, and a copy of the Court's May 26, 2026 order by personal service. *See Exhibit J, Cubeta Declaration*.

6. The certificate of service for Defendant was filed with the Court on June 26, 2026 (ECF 11).

7. Defendant did not file a responsive pleading or otherwise defend the suit. *See Ex. J*.

8. Upon Plaintiff's request (ECF 12), the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) (ECF 13).

9. Defendant has never appeared in this action, taken any action showing intent to defend, or moved to set aside the Clerk's entry of Default. FED. R. CIV. P. 55(a).

10. Defendant is not an infant, in the military, or an incompetent person. *See Ex. J*.

11. Accordingly, this matter is ripe for entry of default judgment pursuant to Rule 55(b)(2).

## III. ARGUMENT

12. The general rule of law is that upon default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *See Pope v. United States*, 323 U.S. 1, 12 (1944); Fed. R. Civ. P. 8(b)(6).

13. Plaintiff seeks recovery only for its contractual damages, which are for a sum certain.

14. The amount owed under each contract is established by the accompanying Declaration of Judy Sarate, attached as Exhibit I, together with the underlying contracts attached as Exhibits A-H. Those records establish that Defendant owes Plaintiff a total principal amount of $453,930.89.

15. Since the amount of the judgment can be reliably computed from the record, a default judgment can be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).

16. Each contract is governed by New York law. *See Exhibits A-H*. Under N.Y. C.P.L.R. Sections 5001 and 5004, prejudgment interest is recoverable as of right in an action for breach of contract at the statutory rate of nine percent (9%) per annum, computed as simple interest from the date each payment became due until the date judgment is entered.

17. Plaintiff further requests post-judgment interest pursuant to 28 U.S. C. § 1961.

18. Plaintiff also requests recovery of its taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S. C. § 1920.

## IV. PRAYER

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a Final Default Judgment against Defendant and award Plaintiff:

1. Contract damages in the principal amount of $453,930.89;
2. Prejudgment interest under N.Y. C.P.L.R. §§ 5001 and 5004 from the applicable accrual dates until entry of judgment;
3. Post-judgment interest pursuant to 28 U.S. C. § 1961;
4. Taxable costs of court pursuant to Rule 54(d)(1) and 28 U.S. C. § 1920; and
5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**CUBETA LAW GROUP, PLLC**
By: *<u>/s/ Kelli Cubeta</u>*
Kelli P. Cubeta
Texas Bar No. 24040746
Email: Kelli.Cubeta@CubetaLaw.com
322 Martinez Street
San Antonio, Texas 78205
Telephone: (210) 934-4500
**ATTORNEY FOR PLAINTIFF**